IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

## MOTION IN LIMINE TO PERMIT THE USE OF SUMMARY EXHIBITS

Comes now the United States of America, by and through Verne H. Speirs, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and files this motion in limine. The government asks the Court to permit the admission at trial of summary exhibits to prove the content of voluminous records that cannot be conveniently examined in court.

## I. PROCEDURAL HISTORY

**A.     Indictment**

On January 13, 2021, the grand jury returned a 127-count indictment against Defendant William Richard Carter, Jr., as well as five co-defendants. Doc. 1. The indictment charges Carter with: (1) one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, see id. at 1–61, ¶¶ 1–257; (2) 85 counts of wire fraud, in violation of 18 U.S.C § 1343, *see id.* at 61–72, ¶¶ 258–263; and (3) 35 counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), *see id.* at 72–76, ¶¶ 264–65.

The indictment generally alleges a scheme whereby public school superintendents, Defendant William L. Holladay, III (Trey Holladay) (the superintendent of the Athens, Alabama City School System (ACS), *see id.* at 1, 3–5, ¶ 1, 7–15) and Defendant Thomas Michael Sisk (the superintendent of the Limestone County, Alabama School System (LCS), *see id.* at 3, 5–6, ¶ 6, 16–18), caused identifying and educational information pertaining to full-time private school

students to be inputted into their respective systems' student enrollment databases so that the private school students appeared as public virtual school students, *see generally id.* at 20–28, 43–44, ¶¶ 74–105, 171–75.[1] To obtain the student information, the superintendents offered and caused to be offered various benefits to administrators at various private schools, including: laptop computers, access to online courses, increased internet capabilities, standardized testing, and monetary payments. *Id.* at 19, ¶ 70.

As a result of the false reporting of the private school students, when the Alabama State Department of Education (ASDE) looked at those databases to determine what per pupil funding the state owed the school systems, the ASDE calculated amounts that were greater than the systems would have been entitled to receive had their enrollment numbers been accurate. *Id.* at 29, 44–45, ¶¶ 111–14, 176–80.

The indictment goes on to allege that, after the state paid to ACS proceeds of the fraud, Trey Holladay, Carter (the ACS administrator tasked with overseeing ACS's virtual school, *see id.* at 2, ¶ 3), and Defendant Deborah Irby Holladay (Deborah Holladay) each received, for their own personal use, portions of those proceeds. *Id.* at 33–35, 56–60, ¶¶ 131–44, 231–51. The defendants obtained these monies through a series of transactions that involved: (1) payments from ACS to a company owned by Defendant Gregory Earl Corkren; (2) cash payments by Corkren to Trey Holladay, Carter, and a company owned by co-defendant Defendant David Webb Tutt; (3) payments by Tutt to a company owned by Deborah Holladay; and (4) transfers

---

[1]The indictment alleges that both ACS and LCS falsely reported private school students during the 2016–2017 school year. Doc. 1 at 20–28, ¶¶ 74–105. For the 2017–2018 school year, the indictment alleges that ACS and another school district, the Conecuh County School District (CCS) engaged in the false reporting of private school students. *Id.* at 43–44, 39–49, ¶¶ 156–63, 171–75.

made by Deborah Holladay from her company's accounts to personal accounts belonging to her and her husband, Trey Holladay. *See id.*[2]

## B.    Arraignment

On March 4, 2021, each defendant appeared before a magistrate judge and pleaded not guilty to all counts. Doc. 80 (Trey Holladay); Doc. 81 (Deborah Holladay); Doc. 82 (Carter); Doc. 83 (Corkren); Doc. 84 (Tutt); Doc. 85 (Sisk).

## C.    Co-defendants' Guilty Pleas

Thereafter, on April 8, 2021, Defendants Corkren, Tutt, and Sisk changed their pleas. Doc. 106 (Sisk); Doc. 110 (Corkren); Doc. 114 (Tutt). All three defendants pleaded guilty to the conspiracy offense alleged in count one. *See id.* Additionally, Corkren entered a guilty plea to the count of aggravated identity theft charged in count 93. Doc. 110.

On December 16, 2021, Defendant Trey Holladay likewise pleaded guilty to the conspiracy offense. Doc. 191. That day, the government requested leave to dismiss with prejudice the charges pending against Deborah Holladay. Doc. 192. On December 20, 2021, the Court dismissed the indictment against Deborah Holladay. Doc. 199.

Presently, Carter is the only defendant proceeding to trial.

## II. ARGUMENT

The government asks that, at the upcoming trial, it be permitted to offer summary exhibits into evidence pursuant to Federal Rule of Evidence 1006. The government's evidence includes business records, banking records, and other documentation recording the flow of funds from and to varies entities involved in the alleged scheme. Given the voluminous nature of these

---

[2]Additionally, the indictment alleges that co-defendant Sisk received a cut of the proceeds after Corkren, at the direction of Sisk, made a payment to a charity and the charity then transferred most of the money it had received from Corkren to Sisk's personal account. Doc. 1 at 35, ¶¶ 144–45.

documents, it would be inconvenient to examine them in court, necessitating the use of summary exhibits to prove their content.

Federal Rule of Evidence 1006 provides,

The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

As the Eleventh Circuit has explained, "Summary charts are permitted generally by Federal Rule of Evidence 1006 and the decision whether to use them lies within the district court's discretion." *United States v. Richardson*, 233 F.3d 1285, 1293 (11th Cir. 2000). The Court has explained that any concerns about summary exhibits can be allayed by ensuring that "the charts [are] free from reliance on any assumptions, but rather that these assumptions be supported by evidence in the record." *Id.* at 1294 (citation omitted.) The Court has also stressed that when the defense has an opportunity to conduct "a thorough cross examination of the witness concerning the disputed matters, and also had the opportunity to present its own version of those matters, the likelihood of any error in admitting summary evidence diminishes." *United States v. Norton*, 867 F.2d 1354, 1363 (11th Cir. 1989) (addressing summary charts in case involving the payment flow in a kickback scheme).

The government intends to offer summary exhibits detailing the flow of money between the state of Alabama and various entities involved in the scheme. [3] This flow is supported by hundreds of pages of records spread across dozens of potential exhibits. Demonstrating this flow

---

[3] In addition to summary exhibits documenting the flow of funds related to the scheme, the government also intends to call an agent of the United States Department of Education Office of Inspector General to testify as to the educational records in this case. The government does not anticipate entering summary exhibits related to this testimony, and the underlying evidence on which the agent will rely has been provided in discovery and will be introduced at trial.

by presenting the voluminous underlying documentation would be inconvenient for the jury and time-consuming for all involved.

Furthermore, the creator of the summary exhibits will testify as a witness and will be subject to cross examination. These summary exhibits are based on voluminous, admissible evidence that will be available for the jury to review. That underlying evidence was provided to the defense in a timely manner in discovery. Given the inconvenience of examining this underlying evidence in court, presenting it in the form of summary exhibits will greatly assist the jury in its deliberations.

### III. CONCLUSION

Based on the foregoing, the government asks that the Court permit it to admit summary exhibits for the purpose of proving the content of documentation related to the money flow in this case.

Respectfully submitted, this 22nd day of December, 2021.

> VERNE H. SPEIRS
> ATTORNEY FOR THE UNITED STATES
> ACTING UNDER AUTHORITY
> CONFERRED BY 28 U.S.C. § 515
>
> /s/Brett J. Talley
> Brett J. Talley
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> Phone: (334) 223-7280
> E-mail: brett.talley@usdoj.gov
>
> /s/Alice S. LaCour
> Alice S. LaCour
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> Phone: (334) 223-7280
> E-mail: alice.lacour@usdoj.gov

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
E-mail: jonathan.ross@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Brett J. Talley
Brett J. Talley
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
E-mail: brett.talley@usdoj.gov