IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

## GOVERNMENT'S MOTION IN LIMINE TO USE A REDACTED INDICTMENT AND PERMIT THE JURY TO HAVE A COPY OF THE INDICTMENT DURING TRIAL

Comes now the United States of America, by and through Verne H. Speirs, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and respectfully requests that this Court permit the United States to use a redacted indictment and permit the jury to receive a copy of the redacted indictment during the trial of Defendant William Richard Carter, Jr.

### FACTS

Carter and five other co-defendants were named in an 80-page indictment comprising more than 125 counts of conspiracy, wire fraud, and aggravated identity theft. Carter is named in every count except Counts 84-85, 87-89, 91. Carter is the sole defendant to proceed to trial set to begin on February 7, 2022.

At trial, the United States plans to introduce extensive evidence to prove these counts, including financial records, student educational records, telephone records, and emails. The dates of the conspiracy span from in or about February of 2016 and continuing until in or about August of 2018. The aggravated identity theft counts affect nearly fifty individuals. Furthermore, the conspiracy involves a multi-million dollar fraud. The United States estimates that this trial will last a minimum of several weeks.

# ARGUMENT

## I. The Court Should Allow the Use of a Redacted Indictment at Trial

The Eleventh Circuit has held that "[a] redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains. United States v. Adkinson, 135 F.3d 1363, 1376–77 (11th Cir. 1998) (citing United States v. Miller, 471 U.S. 130, 136 (1985). The Court cautions that "[a]n indictment may not, however, be so severely redacted that any of the elements of the offense are expunged. *Id.* Furthermore, a redacted indictment does not constitute an amended indictment. The Supreme Court has made clear that it is not an amendment to a charge to "drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within [the indictment]." Miller, at 144; see also United States v. Ward, 486 F.3d 1212, 1227 (11th Cir. 2007). "[W]here an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment." Id. at 145.

Carter is the only one of the original six defendants charged proceeding to trial. Accordingly, there are counts in the indictment that do not pertain to Carter and allegations that are not necessary to prove Carter's offenses. The United States respectfully requests that the Court allow it to use a redacted indictment, attached as Exhibit A, at trial against Carter. Even though it is well settled that the United States "need not prove all facts charged in the indictment as long as it proves other facts charged in the indictment which do satisfy the essential elements of the crime," United States v. Smith, 231 F.3d 800, 818 n. 21 (11th Cir. 2000) (quoting United States v. England, 480 F.2d 1266, 1269 (5th Cir. 1973)), allowing the United States to proceed with a redacted indictment would streamline the trial and conserve court resources. Furthermore, because the

proposed redactions involve counts and allegations that are not necessary to prove Carter's offenses, leaving them unredacted could be prejudicial to Carter as the trial would include his codefendants' wrongful acts.

**II. The Court Should Allow the Jury to Have a Copy of the Redacted Indictment**

It is within the trial court's discretion to allow the jury to have a copy of the indictment while it deliberates. United States v. Haynes, 573 F.2d 236, 241 (5th Cir. 1978)[1]. The trial court may also provide each juror with a pencil and copy of the indictment before trial. United States v. Tucker, 526 F.2d 279, 283 (5th Cir. 1976). However, in order to cure any prejudicial effect to the defendant, the Court should caution the jurors with specific instructions that the indictment does not constitute evidence. United States v. Warner, 638 Fed. Appx. 961, 965 (11th Cir. 2016). *See also* Tucker, 526 F.2d at 283 ("[T]he potential for prejudice was avoided here by specific instructions, delivered shortly before and repeated immediately after the copies of the indictment were distributed, to the effect, that the indictment was not evidence.").

Because the evidence against Carter is extensive, the United States respectfully requests that the jurors be provided copies of the proposed redacted indictment once impaneled. Although the redacted indictment is neither evidence nor a script of the proceedings, having a copy of the redacted indictment may assist the jury in clarifying the evidence presented and associating the correct evidence with each count. This would ensure that any conviction obtained is decided on an accurate finding of guilt in light of the evidence presented.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

## CONCLUSION

Based on the foregoing, the United States asks that the Court allow it to proceed to trial on the redacted indictment attached as Exhibit A. Furthermore, the United States asks that the Court permit the jurors to have a copy of the redacted indictment at trial in order to best evaluate the sufficiency of the evidence.

Respectfully submitted, this 27th day of December, 2021.

VERNE H. SPEIRS
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

/s/Alice S. LaCour
Alice S. LaCour
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
E-mail: alice.lacour@usdoj.gov

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jonathan.ross@usdoj.gov

/s/Brett J. Talley
Brett J. Talley
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
E-mail: brett.talley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Alice S. LaCour
Alice S. LaCour
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
E-mail: alice.lacour@usdoj.gov