IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

**UNOPPOSED MOTION TO MODIFY THE PRETRIAL CONFERENCE ORDER AND FOR LEAVE TO PROVIDE THE COURT AND THE JURY WITH ELECTRONIC COPIES OF ALL NON-PHYSICAL TRIAL EXHIBITS**

Comes now the United States of America, by and through Verne H. Speirs, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and files this motion to modify the Court's pretrial conference order, see Doc. 179, and for leave to proceed with electronic copies of all non-physical trial exhibits. A brief procedural history, as well as the basis for the government's request, follow.

On January 13, 2021, the grand jury returned a 127-count indictment against the defendant, William Richard Carter, Jr., as well as five other individuals. Doc. 1. The indictment alleges a complex scheme whereby public school officials and private businesses fraudulently obtained money from the Alabama State Department of Education. These persons did so by including on public school districts' enrollment reports children who were actually full-time private school students.

On March 4, 2021, each defendant entered a plea of not guilty. Doc. 86. The Court initially set the trial to begin on September 13, 2021. Id. Prior to that date, three of the defendants pleaded guilty. See Doc. 106 (Sisk); Doc. 110 (Corkren); Doc. 114 (Tutt). Their guilty pleas left remaining as defendants Carter, William Lee Holladay, III (Trey Holladay) and Deborah Irby Holladay (Deborah Holladay).

On May 21, 2021, the Court entered an order continuing the trial to February 7, 2022. Doc. 133. Subsequently, on December 8, 2021, the magistrate judge conducted a pretrial conference. Doc. 185. Following that pretrial conference, the magistrate judge issued an order. Doc. 179. In the pretrial conference order, the magistrate judge wrote, "**Each party shall have available at the time of trial, for use by the court and opposing counsel, four copies of the exhibit list and four copies of each photostatically reproducible exhibit listed.**" Id. at 2, ¶ 6.

Following the pretrial conference, on December 16, 2021, Defendant Trey Holladay pleaded guilty. Doc. 191. Four days later, pursuant to the government's motion, see Doc. 197, the Court dismissed with prejudice the charges pending against Deborah Holladay, Doc. 199. These events rendered Carter the only defendant proceeding to trial.

On December 22, 2021, the government filed a motion to dismiss six counts of wire fraud. Doc. 202. On December 28, the Court granted the motion. Doc. 208. As a result, at the February 7, 2022 trial, Carter will face: (1) one count of conspiring to commit mail and wire fraud, in violation of 18 U.S.C. § 371; (2) 79 counts of wire fraud, in violation of 18 U.S.C. § 1343; and (3) 35 counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

Finally, on January 4, 2022, the Court granted the government's motion in limine to preadmit exhibits. Doc. 207. In doing so, the Court admitted government's proposed exhibits 1 through 2,509. Id. As noted in the government's motion, this consists of a total of 4,276 exhibits. Doc. 204.

The exhibits that have now been admitted are voluminous. The government estimates that one complete set of exhibits would require at least 100 plastic bins (roughly the size of a banker's box). While many of the exhibits are one or two pages in length, several are multiple

2

hundreds of pages. Estimating that the average exhibit consists of five pages, a complete set of exhibits would consume at least 21,380 pages.[1]

In light of the voluminous nature of the exhibits, the government asks that the Court permit the parties to provide the jury and the Court with only electronic copies of exhibits. Specifically, the government asks the Court for permission to: (1) before trial, provide the Court with four removable media device containing almost all of the government's proposed exhibits, including the 4,276 that are preadmitted, with such exhibits being primarily in portable data format (PDF), unless another file format is needed to adequately display the data;[2] (2) also prior to trial, provide the attorneys for the defendant with an identical removable media device containing the government's proposed exhibits; (3) during the trial, display all exhibits to witnesses using the courtroom technology, unless a physical copy of an exhibit is needed to protect privacy interests of third-party witnesses, see Doc. 198; and (4) at the conclusion of the trial, provide the jury with two copies of a removable media device containing all exhibits admitted during the trial—both the government's exhibits and the defendant's exhibits should he offer any, a list of all exhibits (consisting of exhibit number and a brief description of the exhibit),[3] two stand-alone laptop computers containing no information other than programs needed to open the files contained on the devices, a projector, and a collapsible projection screen.

---

[1]The Court has preadmitted eight physical exhibits, each of which is a yearbook of a private school produced during a relevant school year.

[2]Currently, nine of the government's proposed exhibits are Excel spreadsheets, one is a m4a audio file, and two are mp4 video files. The remainder are PDF files.

[3]The parties would try to reach agreement on the exhibit list descriptions. Should the parties dispute the appropriate description to be attached to an exhibit, the parties would submit the issue to the Court.

Following the above-described procedure will permit the parties to conserve resources while also ensuring that the Court and the jury are able to easily locate and review trial exhibits.[4] The government is not aware of any rule or precedent requiring physical trial exhibits. Certainly, should the Court or the jury request, the government could provide physical copies of any needed exhibits. Indeed, it is common practice in other districts to provide juries with electronic access to trial exhibits. See United States v. Jones, No. 3:12-CR-239, 2015 WL 4132004, *1 (W.D.N.C. Jul. 8, 2015) ("The Government list was loaded, along with the Government's exhibits, into the Western District's Jury Evidence Recording System . . . , which this district uses to electronically present to the jury exhibits received into evidence."); see also United States v. Johnson, No. 19-4-H-CCL-01, 2019 WL 3290278, *6 (D. Mont. Jul. 22,2019) ("The parties shall be prepared to use the Jury Evidence Recording System (JERS). JERS allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.").

It is the government's understanding that the attorneys for the defendant do not oppose this motion.

Based on the foregoing, the government asks that the Court grant the motion and permit it to proceed with only electronic copies of non-physical exhibits, as described above.

---

[4] As for facilitating the review of the exhibits, it is worth noting that in many cases, relevant material can be found midway through lengthy documents. Allowing for electronic review of exhibits will save the jury from having to thumb through pages to find specific items.

Respectfully submitted, this 11th day of January, 2022.

        VERNE H. SPEIRS
        ATTORNEY FOR THE UNITED STATES
        ACTING UNDER AUTHORITY
        CONFERRED BY 28 U.S.C. § 515

        /s/Jonathan S. Ross
        Jonathan S. Ross
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: jonathan.ross@usdoj.gov

        /s/Alice S. LaCour
        Alice S. LaCour
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: alice.lacour@usdoj.gov

        /s/Brett J. Talley
        Brett J. Talley
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: brett.talley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.   2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jonathan.ross@usdoj.gov

6