IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.   2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

## REPLY TO THE DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO USE A REDACTED INDICTMENT

Comes now, the United States of America, by and through Verne H. Speirs, Attorney for the United States Acting Under the Authority of 28 U.S.C. § 515, and submits this reply to Defendant William Richard Carter, Jr.'s response in opposition, see Doc. 215, to the government's motion in limine to use a redacted indictment, see Doc. 205.

### I. ARGUMENT

The government's original motion contained two requests, namely: (1) for the Court to use a redacted indictment for all purposes during trial; and (2) for Court to allow each juror to have a copy of that redacted indictment throughout the trial.  Doc. 205 at 2–3.  Carter opposes each request.  See Doc. 215.  The following addresses Carter's arguments as to each issue.

**A.**   **Redaction of the Indictment**

As stated in the government's motion, it seeks to redact allegations that do not pertain directly to Carter's wrongdoing or are not necessary to establish Carter's guilt of the charged conspiracy.  Given that the government, at all times, is able to return to the grand jury and obtain a superseding indictment devoid of the allegations the government seeks to redact, it is unclear how taking the more expedient route and using the proposed redacted indictment at trial would in any way prejudice Carter.  See United States v. Del Vecchio, 707 F.2d 1214, 1216 (11th Cir. 1983) ("A prosecutor may seek a superseding indictment at any time prior to trial on the

merits."); see also United States v. Carrothers, 639 F. App'x 910, 912 (4th Cir. 2016) (declining to find plain error when the government obtained "a third superseding indictment after a jury was selected, but not empaneled, and the district court had denied the Government's motion to redact the second superseding indictment").

Carter's concerns are misplaced.  The redactions proposed by the government are not so drastic as to alter the scope of the case or obscure the potential criminal liability of the co-defendants who will testify during the government's case-in-chief.  Moreover, allowing a redacted indictment does not, by itself, narrow the scope of relevance or preclude what would otherwise be proper impeachment material.  See Doc. 215 at 7.  Regardless of whether the redacted indictment is used, Carter will be free to question his co-defendants, should they testify, about the charges they faced, the deals they made with the government, and the conduct that gave rise to the indictment—both the redacted and unredacted allegations.

**B.     Providing the Jury a Copy of the Indictment**

The government appreciates Carter's concerns with, at the beginning of the trial, providing the jury with a copy of the entire indictment.  It appears that Carter's primarily concern lies in the jury placing outsized weight on the factual allegations contained in count 1, the conspiracy count.  See Doc. 1 at 1–61, ¶¶ 1–256.  In contrast, the government's primary interest in providing the jury with a copy of the indictment is so that it can clearly identify what student-specific evidence goes with which count of wire fraud or aggravated identity theft.

Accordingly, the government proposes that, at the beginning of the trial, the jury receive a copy of only pages 61 through 76 (with the last three lines of paragraph 256 redacted from page 61 and the entirety of the forfeiture allegation redacted from page 76).  Providing the jury with a copy of only these pages will both protect Carter from any potential prejudice and will

provide the jury with a means of clearly identifying what student-specific evidence goes with which substantive count.[1]

Although not at issue in the government's motion, Carter raises the question of whether the jury should receive a copy of the full indictment for use during its deliberations. The government asks that, when the jury retires to deliberate, the Court provide each juror with a copy of the proposed redacted indictment. In a complicated case like this one, the jury's ability to weight the evidence—or lack thereof—will be enhanced by its having a written statement of the charges against the defendant.

## II. CONCLUSION

Based on the foregoing, the government asks that the Court grant the government's motion in limine, as modified in this response.

Respectfully submitted, this 18th day of January, 2022.

VERNE H. SPEIRS
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jonathan.ross@usdoj.gov

---

[1] Using this procedure mostly defers the redacted-indictment issue until the end of trial. However, the government would still ask that the Court redact from the excerpt any counts that have been dismissed or that do not levy charges against Carter.

/s/Alice S. LaCour
Alice S. LaCour
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: alice.lacour@usdoj.gov

/s/Brett J. Talley
Brett J. Talley
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: brett.talley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jonathan.ross@usdoj.gov