IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr49-MHT |
| | ) | (WO) |
| WILLIAM RICHARD CARTER, JR. | ) | |
| | ) | |

ORDER

This case comes before the court on the government's notice of intent to use Federal Rule of Evidence 404(b) evidence. The government requests permission to admit extrinsic evidence that, according to the government, will show that defendant William Richard Carter, Jr. resigned from his position as principal at Jacksonville High School amid allegations that he misappropriated school funds. The government further represents that this evidence will show that, shortly after his resignation, Carter was hired by the Athens City School system, in which the alleged conspiracy occurred. *See* Government's Notice of Intent to Use 404(b) Evidence (Doc. 203) at 4-5; *see also* Government's Reply to Resp. to Mot. to Use 404(b)

Evidence (Doc. 224) at 4-5 (stating the allegations in greater detail and identifying the two witnesses who would provide this testimony).

Under Federal Rule of Evidence 404(b), while "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2).  The government argues that the evidence at issue is relevant and admissible as proof of Carter's motive to participate in the alleged conspiracy and his knowledge of the impropriety of his alleged actions as an employee of the Athens City School system.  *See* Government's Notice of Intent to Use 404(b) Evidence (Doc. 203) at 5, 8.

At this time, a decision on the admissibility of this evidence under Rule 404(b) and Rule 403 (providing


that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice) is premature.  The relevance of this evidence for either of the purposes asserted by the government or as rebuttal evidence will likely depend on the other evidence presented by either party.

***

Accordingly, it is ORDERED that the request in the government's notice of intent to use 404(b) evidence (Doc. 203) that the court rule on the admissibility of the proffered evidence is granted as follows:

(1) The government shall not mention the proffered evidence in its opening statement.

(2) The government shall not elicit this evidence without first obtaining a ruling on the admissibility of this evidence from the court outside the presence of the jury.

(3) Nevertheless, defendant William Richard Carter, Jr. should still be prepared to respond to the evidence

at trial should the court find that it is admissible and can be heard by the jury.

DONE, this the 24th day of January, 2022.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**