IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr49-MHT |
| | ) | (WO) |
| WILLIAM RICHARD CARTER, | ) | |
| JR. | ) | |

ORDER

Defendant William Richard Carter, Jr. has been
indicted with the following 114 counts:  one count of
conspiracy to commit offenses against the United
States, in violation of 18 U.S.C. § 371; 79 counts of
wire fraud, in violation of 18 U.S.C. § 1343; and 34
counts of aggravated identity theft, in violation of 18
U.S.C. § 1028A(a)(1).  There are also three forfeiture
allegations, pursuant to 18 U.S.C. §§ 981(a)(1)(C),
982(a)(2)(B) and 28 U.S.C. § 2461.

Now before the court is the government's motion in
limine to use a redacted indictment and permit the jury
to have a copy of the indictment during trial.  The
government proposes two potential means in which the
indictment could be provided to the jury.  It first

requests that jurors be provided with copies of a redacted indictment that omits "counts in the indictment that do not pertain to Carter and allegations that are not necessary to prove Carter's offenses." Government's Mot. in Lim. to Use a Redacted Indictment and Permit the Jury to Have a Copy of the Indictment During Trial (Doc. 205) at 2. In response to Carter's objection to this procedure, which emphasizes the length of the factual allegations contained in the conspiracy count, *see* Def.'s Resp. to Government's Mot. in Lim. to Use a Redacted Indictment and Permit the Jury to Have a Copy of the Indictment During Trial (Doc. 215) at 2-3, the government alternatively proposes to provide the jury with copies of only the portion of the indictment that charges the counts of wire fraud and aggravated identity theft. *See* Government's Reply to Def.'s Resp. to Government's Mot. in Lim. to Use a Redacted Indictment (Doc. 223) at 2-3.

Carter objects to providing copies of the indictment to the jury during trial or, he adds, during deliberations; in the alternative, he requests that the jury receive the entire indictment, unredacted. *See* Def.'s Resp. to Government's Mot. in Lim. to Use a Redacted Indictment and Permit the Jury to Have a Copy of the Indictment During Trial (Doc. 215) at 1, 9.

For the reasons stated below, the court will deny the government's motion to the extent that it seeks permission to provide the jurors with copies of the indictment before and during trial. However, the court will defer a decision on the government's motion to the extent that it requests permission to use a redacted indictment that could be provided to the jury during deliberations.

In an unpublished opinion, the Eleventh Circuit Court of Appeals held that a district court "may provide the jury copies of the indictment before trial, provided that the court gives specific instructions that the indictment is not evidence." *United States v.*

3

*Warner*, 638 F. App'x 961, 964 (11th Cir. 2016) (per curiam).  The appellate court cited to the decision of the former Fifth Circuit Court of Appeals in *United States v. Tucker*, 526 F.2d 279 (5th Cir. 1976),[*] in which the former appellate court affirmed a defendant's conviction after a trial in which the district court "furnish[ed] each juror with a pencil and a photocopy of the indictment before trial."  *Id.* at 283.  In *Tucker*, although the appellate court concluded that "the potential for prejudice was avoided ... by specific instructions, delivered shortly before and repeated immediately after the copies of the indictment were distributed, to the effect, that the indictment was not evidence" and held the procedure to be "permissible," it simultaneously noted that it was "mildly skeptical of this procedure" and "reiterate[d]

_____

   [*] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

the need for full and timely cautionary instructions."
*Id.*

This court will decline to permit the jury to
receive copies of the indictment before trial.  In a
case of this complexity, in which the defendant is
charged with over a hundred counts, including a
complex, detailed and lengthy conspiracy count, and
where the parties project that the presentation of
evidence will take three-to-four weeks, it is not
certain that the case will look the same at the outset
as when it is submitted to the jury.  The government
could voluntarily dismiss certain charges or the
evidence could prove insufficient to support them.
Providing the jury with access to copies of an
indictment over the course of several weeks, only for
that indictment potentially to differ significantly
from the matters that the jury ultimately is asked to
decide creates some significant risk of unnecessary
confusion of the issues.  Carter also raises the
concern that the jury's protracted access to copies of

the indictment creates a risk of prejudice against him, *see* Def.'s Resp. to Government's Mot. in Lim. to Use a Redacted Indictment and Permit the Jury to Have a Copy of the Indictment During Trial (Doc. 215) at 3, albeit a risk that the Eleventh Circuit has held may be addressed by "specific instructions that the indictment is not evidence," *Warner*, 638 F. App'x at 964.

Against these risks, the court finds that providing the jury with copies of the indictment during trial offers minimal utility that could not be realized by other means. Through the use of summary exhibits or demonstrative aids, for instance, the government could achieve the same outlining function that it seeks to want to accomplish by use of the indictment during trial. Indeed, the court has already approved the government's use of summary exhibits or demonstrative aids. *See* Order (Doc. 234).

With respect to whether to provide copies of the indictment to the jury at deliberations and, if so, what portions of the indictment to provide, the court

6

will defer its decision.  A district court's discretion
to provide the jury with copies of the indictment
during deliberations is firmly established, provided
that the court properly instructs the jury that the
indictment does not constitute evidence.  *See, e.g.*,
*Warner*, 638 F. App'x at 964; *United States v. Haynes*,
573 F.2d 236, 241-42 (5th Cir. 1978) (collecting
cases).  Moreover, as the government notes, the
indictment may be provided to the jury in a redacted
form.  *See United States v. Adkinson*, 135 F.3d 1363,
1376-77 (11th Cir. 1998) ("A redaction of an indictment
is permissible so long as the elements of the offense
charged are fully and clearly set out in what remains.
An indictment may not, however, be so severely redacted
that any of the elements of the offense are expunged."
(citations omitted)).  In light of the parties'
disagreement as to how much of the indictment would be
appropriate to provide, the court will defer its
decision on this issue until the scope of the evidence
at trial and the set of charges that said evidence may

7

be sufficient to support are more concrete.  Also, at that time the court will first give the parties an opportunity to see if they can agree on a redacted version of the indictment.

***

Accordingly, it is ORDERED that:

(1) The government's motion in limine to use a redacted indictment and permit the jury to have a copy of the indictment during trial (Doc. 205) is denied to the extent that it requests that the jury be provided with copies of the indictment before and during trial.

(2) Said motion in limine is deferred to the extent that it requests that the jury be provided with copies of a redacted indictment during deliberations.

DONE, this the 24th day of January, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE