IN THE DISTRICT COURT OF
THE UNITED STATES FOR THE
MIDDLE DISTRICT OF
ALABAMA, NORTHERN
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:21-cr-49-MHT |
| WILLIAM LEE HOLLADAY, III ) | |
| DEBORAH IRBY HOLLADAY ) | |
| **WILLIAM RICHARD CARTER, JR**. ) | |
| GREGORY EARL CORKREN ) | |
| DAVID WEBB TUTT ) | |
| THOMAS MICHAEL SISK ) | |

## DEFENDANT CARTER'S TRIAL BRIEF

**COMES NOW**, William Richard Carter (Carter), by and through Alan Diamond, Kepler B. Funk, and Keith Szachacz of Funk, Szachacz & Diamond, LLC., 3962 West Eau Gallie Blvd. Suite B, Melbourne, FL 32934 and files this trial brief.  Carter states:

Document 140 orders Carter to file a trial brief giving an overview of the evidence to be presented at trial; elements of the crime(s) charged; how, if applicable, the evidence satisfies those elements and any anticipated evidentiary issues that may arise at trial.

1

In document 240, Government's Trial Brief, the government has listed what it labels as Background, ACS and Defendant Carter, and The Scheme in pages 1-4 of its filing. Given that the government has the entire burden of proof, Carter simply states here that he disputes the factual claims and conclusions therein. Carter does not dispute that the government intends to put forth this overview of the evidence, as written.

## ELEMENTS OF CHARGED OFFENSES

**Conspiracy- Count 1**

The two listed objects of the conspiracy in the Indictment[1] (Dkt. 1) are conspiracy to commit wire fraud and conspiracy to commit mail fraud. The following is an overview recitation of the elements of the crimes charged.[2]

For the wire fraud allegation, generally, this requires the government to prove beyond a reasonable doubt that Carter knowingly and willfully executed and attempted to execute a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and for the purpose of executing same, transmitted and caused to be transmitted by means of wire communication

---

[1] ¶ 62, 63 of Indictment (Dkt. #1).
[2] Carter will be submitting specific proposed jury instructions pursuant to the Order found in document 179.

in interstate commerce, writings, signs, signals, pictures, and sounds, violative of 18 USC §1343. *See 11th Cir. Pattern Jury Inst. O51 Wire Fraud (2021).*

For the mail fraud allegation, generally, this requires the government to prove beyond a reasonable doubt that Carter knowingly and willfully executed and attempted to execute a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and for the purpose of executing same, utilized the United States mail and private and commercial interstate carriers, violative of 18 USC §1341.  *See 11th Cir. Pattern Jury Inst. O50.1 Mail Fraud (2021).*

Carter may be found guilty of the conspiracy offense, generally, only if the government proves beyond a reasonable doubt that he and at least one other person, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire and mail fraud, as charged in the indictment; and (2) the defendant knew the unlawful purpose of the plan and willfully joined in it with the intent to defraud. *See 11th Cir. Pattern Jury Inst. O54 Conspiracy to Commit Fraud (2021).*

**Wire Fraud- Counts 2-27; 29-78; 86, 90, 92**

As a threshold matter, in the Government's Trial Brief (Dkt. 240 p. 7), it lists that Carter is charged in Counts 84-92. The Indictment (Dkt. 1), on the other hand, charges Carter for counts 86, 90 and 92 only. (Dkt. 1 p. 67-72). In any event, for the wire fraud allegations, generally, this requires the government to prove beyond a reasonable doubt that Carter knowingly and willfully executed and attempted to execute a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and for the purpose of executing same, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, violative of 18 USC §1343. *See 11th Cir. Pattern Jury Inst. O51 Wire Fraud (2021).*

**Aggravated Identity Theft- Counts 93-110; 112-127**

For the aggravated identity counts, generally, Carter can be found guilty only if the government proves beyond a reasonable doubt that he knowingly transferred, possessed, or used another person's means of identification without lawful authority and during and in relation to wire fraud as alleged in the indictment. The Government must also prove that Carter

knew that the means of identification, in fact, belonged to another actual person, living or dead, and not a fictitious person. The Government is required to prove the Defendant transferred, possessed, or used the other person's means of identification for the purpose of committing wire fraud. *See 11th Cir. Pattern Jury Inst. O40.3 Aggravated Identity Theft (2021).*

The government has provided Carter 241 names of possible witnesses and upon defense counsel's request, has indicated to Carter that it has narrowed down that list to 145 "probable" witnesses.  Despite these numbers, Carter disputes that the government's evidence will satisfy all of the requisite elements necessary to sustain convictions.  Since the government has the entire burden of proof, naturally Carter will not discuss the government's evidence flaws.  Carter may, however, call witnesses on his own behalf in an effort to meet the allegations.

**Anticipated Evidentiary Issues**

The evidentiary issues that may arise at trial include the admission/prevention of purported co-conspiracy statements.

> Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is not generally admissible. Fed. R. Evid. 802. However, an out-of-court statement offered against a defendant does not qualify as hearsay if it was made by a co-conspirator during and in furtherance of a conspiracy. Fed. R. Evid. 801(d)(2)(E). In order

> to introduce statements of the co-conspirator, "the government must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy." *United States v. Underwood*, 446 F.3d 1340, 1345-46 (11th Cir. 2006).  In determining the admissibility of co-conspirator statements, the district court may consider both the co-conspirator's statements and independent external evidence. *Miles*, 290 F.3d at 1351. Co-conspirator statements can be admitted subject to the government "connecting them up" with sufficient evidence. *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003), *cert. denied*, 543 U.S. 810, 125 S. Ct. 38, 160 L. Ed. 2d 12 (2004) (quotation marks omitted). We apply a liberal standard in determining whether a statement is made in furtherance of a conspiracy. *Miles*, 290 F.3d at 1351. The statement need not be necessary to the conspiracy but must only further the interests of the conspiracy in some way. *Id.*

*United States v. Calixte*, 757 Fed. Appx. 811, 813 (11th Cir. 2018).  Carter anticipates that this issue may arise, for example, as the government indicated to the Court, when explaining the Federal Rule of Evidence 404(b) motion (Dkt. 200), that Carter took the Athens City School position to join the conspiracy.  Carter began his employment with the Athens City Schools in August 2015.  The Indictment, on the other hand, alleges that Carter joined the conspiracy beginning in February 2016. (Dkt. #1, ¶ 61).  Thus, Carter anticipates evidentiary issues arising out of the proper application of Fed. R. Evid. 801(d)(2)(E).

Further, Carter anticipates that the evidentiary issue previously briefed by the government (Dkt. 200) and Carter (Dkt. 222) may arise at trial.  This issue revolves around the government's requested use of Fed. R. Evid. 404(b) evidence.  The positions of each party are contained within each respective filing and the Court further inquired at hearing.  As a result, the Court entered an Order (Dkt. 237) finding that a decision on the admissibility of the evidence was premature and its admission or exclusion will depend upon the other evidence presented by either party.  Further, the Court Ordered that the government not mention the proffered evidence in its opening statement and shall not elicit this evidence without first obtaining a ruling on the admissibility of the evidence from the Court outside the presence of the jury.  This evidentiary issue will arise if the government seeks this evidence and a lengthy evidentiary hearing, out of the presence of the jury, may be required.

**Other Issues**

The government and your undersigned continue to preadmit all exhibits in an effort to streamline the trial and not waste the Court's time as well as juror's time on matters that can and should be resolved by simple communication by professional attorneys.  This has been Carter's

experience with counsel for the government.  We will continue to discuss all matters as they arise with an eye toward resolution.

                       Respectfully submitted,

                       Kepler B. Funk, Esquire

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the United States Attorney's Office by CMECF delivery this 28th day of January 2022.

                       \_\_/s/ Kepler B. Funk_____
                       **Kepler B. Funk, Esquire**
                       **Keith F. Szachacz, Esquire**
                       **Alan S. Diamond, Esquire**
                       FUNK, SZACHACZ & DIAMOND, LLC
                       3962 West Eau Gallie Blvd. Suite B.
                       Melbourne, Florida 32934
                       (321) 953-0104
                       Florida Bar No. 0949698, 957781 & 973866
                       alan@fsdcrimlaw.com; kep@fsdcrimlaw.com
                       Attorneys for Defendant CARTER