IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                )    CR. NO. 2:21-CR-49-MHT-JTA-3<br>)<br>WILLIAM RICHARD CARTER, JR.   ) | |

## MOTION IN LIMINE TO EXCLUDE CASE AGENTS FROM THE RULE OF SEQUESTRATION

Comes now the United States of America, by and through Alice S. LaCour, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and files this motion in limine.[1] The government asks the Court to exempt two case agents, FBI Special Agent Benjamin Bridges and U.S. Department of Education Office of Inspector General Special Agent Christopher Maisano, from the effects of Rule 615. Both special agents will likely testify as summary witnesses at or near the conclusion of the government's case-in-chief. They are not fact witnesses who are likely to be swayed by the testimony of others, and their presence in the courtroom is "essential" to presenting the government's case against the defendant. Fed. R. Evid. 615(c). Furthermore, case agents are covered by the Rule 615(b) exemption.

Rule 615 requires a court, upon a party's request, to exclude witnesses who will testify so that they do not hear the testimony of other witnesses. "But this rule does not authorize excluding . . . an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney [or] a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(b–c). The

---

[1] The government asks that the Court accept this motion in limine even though the motion in limine deadline has passed. The government recently learned that the defendant intends to seek to exclude the government's case agents under Rule 615. The government would oppose that motion at trial, and this motion in limine allows the Court to address the arguments of the parties without delaying the trial itself.

decision whether to permit witnesses to remain in the courtroom during trial is within the discretion of the district court, as is the number of witnesses so designated. *See, e.g.*, *United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir. 1981) ("We find that the decision as to how many will be excused from sequestration is just as discretionary with the trial judge as who will be excused. Both decisions will be reversed only upon a clear showing of abuse of such discretion.").

In *Alvarado*, the government moved to permit two D.E.A. Special Agents to remain in the courtroom during trial, over the objection of the defendant. 647 F.2d at 540. After Alvarado was convicted, he appealed, arguing that at most, only one D.E.A. Special Agent should have been permitted to remain in the courtroom under the exemption to Rule 615. *Id.* The Court had no trouble denying this appeal, explaining, "Since adequate grounds existed for excusing both Clark and Beaupre under the second and third exceptions to the rule, *In re United States*, 584 F.2d 666 (5th Cir. 1978) (second exception); *United States v. Auten*, 570 F.2d 1284 (5th Cir.), *cert. denied*, 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247 (1978) (second exception), then we find no abuse of discretion in excusing both men." *Id.*; *see also United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982) ("As a case agent, Morris was clearly exempted under Rule 615(2) and the district court's ruling was entirely correct.").

These rulings are consistent with the purpose of Rule 615. The Advisory Committee Notes explain, "Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness." Fed. R. Evid. 615, notes to the 1974 Enactment. The Committee explained that it was "certainly this committee's construction of the rule" that "investigative agents are within the group specified under the second exception made in the rule." *Id.*; *see also United States v. Fernandez*, 833 F. App'x 803,

809–10 (11th Cir. 2020), *cert. denied sub nom. Fernandez v. United States*, 141 S. Ct. 2865, 210 L. Ed. 2d 967 (2021). The Committee further noted that this interpretation was also that of the Senate committee responsible for drafting the rule. Fed. R. Evid. 615, notes to the 1974 Enactment.

Therefore, the government requests that the court exempt the FBI and Department of Education Office of Inspector General case agents from the rule. First, as discussed above, they clearly fall within the exceptions to sequestration. The practical considerations of the case also support their exclusion from the rule. This is a complex case that is likely to last several weeks. The Special Agents in question have investigated this matter for a number of years. They have interviewed witnesses and produced reports related to those witness's testimony. Their presence and assistance is of crucial value to the government in presenting its case to the jury in a clear and concise manner. Furthermore, unlike the typical witness, they are unlikely to be swayed by any testimony they hear in court as they have already heard from these witnesses during the course of their investigation.

Based on the foregoing, the government asks that the Court exempt these two case agents, FBI Special Agent Benjamin Bridges and U.S. Department of Education Office of Inspector General Special Agent Christopher Maisano, from the effects of Rule 615.

Respectfully submitted, this 17th day of February, 2022.

> ALICE S. LACOUR
> ATTORNEY FOR THE UNITED STATES
> ACTING UNDER AUTHORITY
> CONFERRED BY 28 U.S.C. § 515
>
> /s/Brett J. Talley
> Brett J. Talley
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104

Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: brett.talley@usdoj.gov

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jonathan.ross@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:21-CR-49-MHT-JTA-3 |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Brett J. Talley
Brett J. Talley
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: brett.talley@usdoj.gov

5