UNITED STATES DISTRICT
COURT MIDDLE DISTRICT
ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 2:21-cr-49-MHT-JTA

WILLIAM RICHARD CARTER, JR.

### DEFENDANT CARTER'S RESPONSE TO THE GOVERNMENT'S PROPOSED FINDINGS OF FACTS REGARDING THE EXISTENCE OF A CONSPIRACY

**COMES NOW**, William Richard Carter, by and through Alan Diamond, Kepler B. Funk, and Keith Szachacz of Funk, Szachacz & Diamond, LLC., and files this response to the government's Proposed Findings (Doc. 287):

As a threshold matter, pre-trial, the Court asked your undersigned if it would be requiring the Court to make, if it could, the requisite findings pursuant to Fed. R. Evid. 104(a) as well as Fed. R. Evid. 801(d)(2)(E) and your undersigned answered in the affirmative. Further, the Court and the government have been on notice that the admissibility of the co-defendants' statements were going to be an issue raised by the defense. (See Doc. 252, p.5). As a result, the Court, as is its prerogative, has admitted the out-of-court statements on the condition that the government

subsequently produce independent evidence of the conspiracy. *See United States v. Miller,* 664 F.2d 826, 827-28 (11th Cir. 1981).

Since the allegation in Count 1 alleges a conspiracy to commit the substantive offenses of wire/mail fraud, the government must prove that Dr. Carter's participation was both knowing and willful. Further, it must prove that Dr. Carter possessed the mental state necessary for wire/mail fraud, which is the specific intent to defraud. *United States v. Feola*, 420 U.S. 671 (1975); *United States v. Duran*, 596 F.3d 1283 (11th Cir. 2010)("[I]n order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the government must prove at least the degree of criminal intent to for the substantive offense itself." (internal quotation marks omitted)).

Here, the government alleged that the co-conspirators agreed to falsely inflate the ADM of Athens City Schools so they could obtain a portion of the increased generated revenue for their own personal use. As a result, the government has met the preponderance of evidence burden, per Fed. R. Evid. 104(a), that Gregory Corkren and Trey Holladay knowingly, willfully, and with the required specific intent to defraud, entered into an illicit agreement to falsely inflate Athens City School's ADM. Further, the government has put forth the requisite evidence that Dr. Thomas Sisk, knowingly, willfully and with the specific intent to defraud, joined the conspiracy. Subsequently, the conspiracy added yet another actor. At the

direction of Trey Holladay, Webb Tutt joined the conspiracy. The government alleged that Deborah Holladay too joined the conspiracy, but no credible evidence has been presented to conclude, even by a preponderance, that she did so, knowingly, willfully and with the specific intent to defraud. The government has proven that Deborah Holladay knew that the conspiracy existed, and it has proven that she formed a company, Sage Professional Development. This knowledge and association with conspirators does not a conspirator make. The government has not yet rested, but as of this filing, it has not met the necessary burden of proof that she was a knowing, willful participant with the specific intent to defraud. To this point, the government has put forth the requisite evidence to establish that the actors listed above: Gregory Corkren, Trey Holladay, Thomas Sisk, and Webb Tutt were in fact, co-conspirators.

On the other hand, the government has not proven by a preponderance that Dr. Carter knowingly, willfully and with the specific intent to defraud joined the conspiracy. "The issue of motive and bias are directly relevant to evaluating the credibility of the government's cooperating witnesses." *U.S. v. McGregor*, 824 F. Supp. 2d 1339 (M.D. Ala. 2011). Here, the government is relying on Gregory Corkren to establish Dr. Carter's knowingly, willfully and with the specific intent, joining of, the conspiracy. The e-mail submissions and other documents attributed to Carter are as consistent with innocence as they are guilt. Without rehashing the

*ad nauseum* contradictory and incredulous testimony of Mr. Corkren, even if he is to be believed, he stated that the unlawful agreement he had with Trey Holladay was for the sole purpose of making money. The evidence bears this out, as he and Trey Holladay and Webb Tutt and Thomas Sisk, all received the fruits of their criminal behavior. On the other hand, according to Mr. Corkren, Dr. Carter never asked for any money and any money Corkren gave him was intended to be for Dr. Carter's mother as a gift. Dr. Carter, as testified to by Corkren, was simply the conduit to which his mother could receive Corkren's gifts. There exists no evidence that Dr. Carter had the specific intent to defraud. There is evidence that he acted in a way that advanced Mr. Corkren's and Trey Holladay's agreement, but this, of course, does not equate to willfully and knowingly joining the conspiracy. The facts, as presented so far, do not meet even the lower requisite level of proof necessary for the admission of co-conspirator's statements.

The issue then is the remedy. Dr. Carter is specifically not requesting a mistrial. The Confrontation Clause violation of the admission of co-conspirator's statements leaves Dr. Carter to request that the Court instruct the jury to disregard the admitted "co-conspirator statements". Dr. Carter urges that this remedy would cure the Constitutional violation. Dr. Carter wishes to finish this trial with the jurors he has selected and with those that have been sworn to try his case.

Respectfully submitted,

Kepler B. Funk

**I HEREBY CERTIFY** that a true and correct copy of this document has been furnished to the United State's Attorney's Office by CMECF delivery this 13th day of March 2022.

/s/ Kepler B. Funk
**Alan S. Diamond, Esquire**
**Kepler B. Funk, Esquire**
**Keith F. Szachacz, Esquire**
FUNK, SZACHACZ & DIAMOND, LLC
3962 West Eau Gallie Blvd. Suite B.
Melbourne, Florida 32934
(321) 953-0104
FL Bar No. 0949698, **957781** & 973866
alan@fsdcrimlaw.com;
kep@fsdcrimlaw.com
Attorneys for Defendant