IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr49-MHT |
| | ) | (WO) |
| WILLIAM  RICHARD  CARTER, | ) | |
| JR. | ) | |

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the Jury:

It is now my duty to instruct you on the rules of
law that you must follow and apply in deciding this case.
After I have finished these instructions, you will go to
the jury room and begin your discussions--what we call
your deliberations.

I.

It will be your duty to decide whether the government
has proved beyond a reasonable doubt the specific facts
necessary to find defendant William Richard Carter, Jr.,
guilty of the crimes charged in the indictment.  You must
make your decision only on the basis of the testimony and

1

other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice, based on race, gender, or income or any other factor, for or against the defendant or the government.  Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt.  Every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you must not consider that in any way during your

2

deliberations.  The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the

3

evidence that I have admitted in the case.   The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.   Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.   What the lawyers have said is not binding upon you.

Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts

**4**

and circumstances tending to prove, or disprove, any fact in dispute.   The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.   Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider the demeanor and manner in which the witness testified, and that you ask yourself a few questions: Did the witness impress you

as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.  To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony crime involving dishonesty or a false statement.

You should keep in mind, of course, that a simple

mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. In this case, the government has made plea agreements with two testifying witnesses - Gregory Corken and Thomas Sisk - in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than each of these individuals would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it. However, these witnesses may also have a reason to make a false statement in order to strike a

good bargain with the government.  So, while these kinds of witnesses may be entirely truthful when testifying, you should consider their testimony with more caution than the testimony of other witnesses.  And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  But that does not mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Charts or summaries have been prepared and admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which may or may not also be in evidence in this case.  You may consider the charts and summaries as you would any other evidence during the trial and

give them such weight or importance, if any, as you feel they deserve.

The indictment contains factual allegations. You may find the defendant guilty even if you do not find the government has proven each and every one of the factual allegations beyond a reasonable doubt. The government need only prove beyond a reasonable doubt sufficient facts to satisfy the essential elements of each charged offense.

## II.

The defendant in this case is William Richard Carter, Jr. The indictment charges 113 separate crimes, called "counts" against him. You will be given a copy of the indictment. You may refer to the indictment during your deliberation.

Count 1 charges the defendant with conspiring to commit offenses against the United States. The offenses the indictment alleges that the defendant conspired to commit are: mail fraud and wire fraud.

9

Counts 2 through 27, 29 through 69, 71 through 78, 86, 90, and 92, each charge the defendant with devising and implementing a scheme to commit wire fraud.

Counts 93 through 110 and 112 through 127 each charge the defendant with aggravated identity theft.

The following counts are not included for you to consider: 28, 70, 79 through 85, 87 through 89, 91, and 111.  You are not to draw any inference from these omissions.  You will also notice that portions of the indictment have been redacted.  You are not to consider these redactions or draw any inference from the presence of the redactions.

Please note that the defendant is not charged in Count 1 with committing a "substantive offense"--he is charged with conspiring to commit that offense.  I will now explain to you the law associated with each of these offenses.

Count 1
Conspiracy

As noted in count 1, the defendant is charged with conspiracy.  It is a separate federal crime for anyone to conspire or agree with someone else to do something that would be another federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act.  In other words, it is a kind of "partnership" for criminal purposes.  Every member of a conspiracy becomes the agent or partner of every other member.

The government does not have to prove that the members planned together all of the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act.  The government does not have to prove that the conspirators succeeded in carrying out the plan.

11

A defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

> First: two or more persons in some way agreed to try to accomplish a shared and unlawful plan as charged in Count 1 of the indictment;
>
> Second: the defendant knew the unlawful purpose of the plan and willfully joined with the specific intent to defraud;
>
> Third: during the conspiracy, one of the conspirators knowingly engaged in at least one overt act; and
>
> Fourth: the overt act was committed at or about the time alleged and with the specific intent of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator knowingly commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities

12

of all the other alleged conspirators.  If the defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy charged in the indictment.

You must decide whether the single overall conspiracy charged existed between two or more conspirators and included the defendant.  If not, then

13

you must find the defendant not guilty of that charge.

But if you decide that a single overall conspiracy charged in the indictment did exist, then you must decide who the conspirators were. And if you decide that the defendant was a member of some other conspiracy--not the one charged--then you must find the defendant not guilty. So to find the defendant guilty, you must all agree that the defendant was a member of the conspiracy charged--not a member of some other separate conspiracy.

In this case, regarding the alleged conspiracy, the indictment charges that the defendant conspired with his co-defendants to commit mail fraud and wire fraud. In other words, the defendant is charged with conspiring to commit two separate crimes.

## Mail Fraud

It is a federal crime to use the United States mail in carrying out a scheme to defraud someone. A defendant engages in the offense of mail fraud when he: (1) knowingly and willfully devises or participates in a

14

scheme to defraud someone by using false or fraudulent pretenses, representations, or promises; (2) the false or fraudulent pretenses, representations, or promises are about a material fact; (3) the defendant intends to defraud someone; and (4) the defendant uses the United States Postal Service by mailing or causing to be mailed something to help carry out the scheme to defraud.

In a case involving a mail fraud charge, the government does not have to prove all of the details about the precise nature and purpose of the scheme or that the material mailed was itself false or fraudulent. It also does not have to prove that the use of the mail was intended as the specific or exclusive means of carrying out the fraud, or that the defendant did the actual mailing.  It doesn't even have to prove that anyone was actually defrauded.

I will provide you with definitions of, and more information about, the terms "scheme to defraud," "false," "fraudulent," "material fact," "material," and "intent to defraud," in a moment when I provide you with

15

instructions on the offense of wire fraud.

In this case, the defendant is not charged with committing the actual offense of mail fraud. Rather, he is charged only with willfully conspiring to commit mail fraud. Accordingly, you do not need to consider whether the defendant did each of the things that equate to mail fraud. Instead, you must only decide whether: (1) there is proof beyond a reasonable doubt that the defendant entered into an agreement to execute a scheme to defraud; and (2) there is proof beyond a reasonable doubt that United States mail was used in furtherance of the scheme. The defendant may be guilty of conspiring to commit mail fraud even if he did not specifically agree to use the mail or have knowledge of the use of the mail. The government need only prove beyond a reasonable doubt that it was foreseeable that the mail would be used to carry out the scheme.

## Wire Fraud

It is a federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.  I will provide you with more information about the actual offense of wire fraud in a moment.

Please keep in mind that you should consider the conspiracy offense alleged in Count 1 separately from the substantive wire fraud offenses alleged in Counts 2 through 27, 29 through 69, 71 through 78, 86, 90, and 92.  You may find the defendant guilty of conspiring to commit wire fraud, even if you do not find that the government has met its burden of proof on the substantive wire fraud counts.

When considering whether the government has proven that the defendant conspired to commit wire fraud, you must decide whether: (1) there is proof beyond a reasonable doubt that the defendant willfully entered into an agreement to execute a scheme to defraud; and (2) there is proof beyond a reasonable doubt that wire

17

communications in interstate commerce were transmitted to help carry out the scheme to defraud.  The defendant may be guilty of conspiring to commit wire fraud even if he did not specifically agree to transmit wire communication in interstate commerce or have specific knowledge of the transmission of wire communications in interstate commerce.  The government need only prove beyond a reasonable doubt that it was foreseeable to the defendant that wire communications in interstate commerce would be used to carry out the scheme.

The government does not have to prove that the defendant willfully conspired to commit both crimes.  It is sufficient that the government proves beyond a reasonable doubt that the defendant willfully conspired to commit one of those crimes.  But, to return a verdict of guilty, you must all agree on which of the two crimes the defendant conspired to commit.

<u>Counts 2-27, 29-69, 71-78, 86, 90, 92</u>
<u>Wire Fraud</u>

As noted, Counts 2 through 27, 29 through 69, 71

18

through 78, 86, 90, and 92 each charge the defendant with devising and implementing a scheme to commit wire fraud.  As previously stated, it is a federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

> First:  the defendant knowingly and willfully devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

> Second:  the false pretenses, representations, or promises were about a material fact;

> Third:  the defendant acted with the intent to defraud; and

> Fourth:  the defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money

or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue and makes with reckless indifference to the truth, and makes with the intent to defraud.  A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not to do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It does not matter whether the decision-maker actually relied on the statement or knew or should have known the statement was false.

To act with "intent to defraud" means to act knowingly and willfully with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to

20

deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

To find the defendant guilty of wire fraud, you must find beyond a reasonable doubt that an object of the defendant's scheme was to obtain the money or property from the Alabama State Department of Education. The obtaining of the money or property need not be the sole object of the defendant's scheme, but it must be at least one object of the scheme.

The government's intangible rights of allocation, exclusion, and control-that is, its determination of who should get a public benefit and who should not-do not qualify as money or property. Thus, a scheme to cause the government to exercise its regulatory power is not a violation of the wire fraud statute, unless the scheme also had as an independent object the obtaining of the government's money or property.

The government does not have to prove all of the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have

21

to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the defendant personally made the transmissions over the wire.  And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.  Proof of transmission of materials over the internet satisfies the interstate wire communications element of the offenses so long as that transmission was made in furtherance of the scheme.  It does not matter whether the government proves that specific data sent over the internet traveled from one state to another.

<u>Counts 93-110 and 112-127</u>
<u>Aggravated Identity Theft</u>

As noted, Counts 93 through 110 and 112 through 127 each charge the defendant with aggravated identity

22

theft.   It is a federal crime to commit aggravated identity theft.

The defendant can be found guilty of aggravated identity theft only if all of the following facts are proved beyond a reasonable doubt:

> <u>First</u>: the defendant knowingly and willfully transferred, possessed, or used another person's means of identification;

> <u>Second</u>: without lawful authority; and

> <u>Third</u>: during and in relation to the related felony alleged in the indictment.

A "means of identification" is any name or number used, alone or together with any other information, to identify a specific person, including a name, Social Security number, date of birth, officially issued driver's license or identification number, alien registration number, passport number, employer or taxpayer identification number, or electric identification number or routing code.   It can also include a fingerprint, voice print, or other biometric data.

The government must prove that the defendant knew that the means of identification, in fact, belong to another actual person, and not a fictitious person.

The government must also prove that the defendant knowingly transferred, possessed, or used another person's identity "without lawful authority." The government does not have to prove that the defendant stole the means of identification. The government is required to prove that the defendant transferred, possessed, or used the other person's means of identification for an unlawful or illegitimate purpose.

The government also must prove that the means of identifications was possessed "during and in relation to" the crime alleged in the indictment. The phrase "during and in relation to" means that there must be a firm connection between the defendant, the means of identification, and the crime alleged in the indictment. The means of identification must have helped him with some important function or purpose of the crime, and not simply have been there accidently or coincidentally.

**24**

The means of identification at least must facilitate or have the potential of facilitating, the crime alleged in the indictment.

### III.

It is possible to prove a defendant guilty of a crime even without evidence that the defendant personally performed every criminal act charged. Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others. A defendant "aids and abets" a person if the defendant intentionally joins with the person to commit a crime. A defendant is criminally responsible for the acts of another person if the defendant aids and abets the other person. A defendant is also responsible if the defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding a defendant is criminally responsible for the acts of another person requires proof that the defendant intentionally associated with or participated

in the crime — not just proof that the defendant was present at the scene or knew about it.  In other words, you must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

Also, a defendant may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if the substantive offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects and if the defendant was a member of the conspiracy.

So, regarding Counts 2 through 27, 29 through 69, 71 through 78,  86, 90, 92 through 110, and 112 through 127, if you have first found the defendant guilty of the crime of conspiracy as charged in Count 1, you may also find him guilty of any crimes charged in the other counts even if you do not find that the defendant personally participated in those crimes.  To do so, you must find beyond a reasonable doubt:

First: the substantive offense was
committed by a conspirator during the
existence of the conspiracy as charged in
Count 1 and in furtherance of its objects;

Second: the defendant was a knowing and
willful member of the conspiracy at the
time of the commission of such offense;
and

Third: the commission of the substantive
offense by a co-conspirator was a
reasonably foreseeable consequence of the
conspiracy.

IV.

The indictment charges that a crime was committed
"on or about" a certain date.  The government does not
have to prove that the crime occurred on an exact date.
The government only has to prove beyond a reasonable
doubt that the crime was committed on a date reasonably
close to the date alleged.

The word "knowingly," as that term is used in the
indictment or in these instructions, means that the act
was done voluntarily and intentionally and not because
of mistake or accident.

The word "willfully," as that term is used in the

27

indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

V.

I caution you that the defendant is on trial only for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether the defendant is guilty or not guilty of those specific crimes.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

You must never consider punishment in any way to decide whether the defendant is guilty. If you find a defendant guilty, the punishment is for the Judge alone to decide later.

28

Again, to repeat, the indictment or formal charge against a defendant is not evidence of guilt. Also, the allegations in the indictment are not evidence of the defendant's guilt. Rather, you must decide whether, based on the evidence presented to you in court, the government has proved beyond a reasonable doubt the defendant's guilt as to a particular count, before you can find the defendant guilty of that count.

You should remember that the mere fact of a violation of state law is not sufficient for a conviction, and the defendant here is not charged with violating state law.

"Good Faith" is a complete defense to a charge that requires intent to defraud. A defendant is not required to prove good faith. The government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent — even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgement, an error in management, or carelessness

29

cannot establish fraudulent intent.

Your verdict, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  You must not engage in a compromise verdict, meaning an agreement to resolve doubts among yourselves by rendering a guilty verdict on some counts and a not-guilty verdict on other counts.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember, that in a very real way, you are judges-judges of the facts.  Your only interest is to seek the truth from the evidence of the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience.  You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the appropriate verdict forms, date and sign them, and you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question

you might send, that you should not tell me your numerical division at the time.