IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:21-cr-00049-MHT-JTA |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

### GOVERNMENT'S REPLY TO RESPONSE TO MOTION FOR FORFEITURE MONEY JUDGMENT (DOC. 348)

Comes now the United States of America, by and through its attorney, Alice S. LaCour, Attorney for the United States Acting Pursuant to 18 U.S.C. § 515, and Eric M. Counts, Assistant United States Attorney for the Middle District of Alabama, and in reply to Defendant's Response to government's Motion for Forfeiture Money Judgment (Doc 348), in accordance with the Court's order (Doc. 342) dated May 12, 2022, the states as follows:

In order for the government to obtain a Forfeiture Money Judgment, it must have (1) a criminal conviction for which forfeiture is authorized by statute and (2) proof by a preponderance of the evidence that there is a nexus between the criminal acts and the property the government seeks to forfeit. In this case, $21,000 in cash. However, because the cash has dissipated and is otherwise untraceable after a certain point, the government is seeking a Forfeiture Money Judgment in an amount apportioned to Defendant.[1]

Defendant contends that the cash payments from Corkren to Defendant during the course of the fraud and ending when the conspiracy ended do not represent proceeds related to the criminal activity of Defendant and co-defendants. He further argues that the government has failed to prove

---
[1] In *Honeycutt v. United States*, 137 S.Ct. 1626 (2017), the Supreme Court clarified that the forfeiture provisions in 21 U.S.C. § 853 do not impose joint and several liability on each member of a conspiracy. Rather, the government may seek forfeiture only of any property constituting, or derived from, any proceeds' that the defendant 'obtained, directly or indirectly' from the offense giving rise to the forfeiture.

that the cash was proceeds of the conspiracy by a preponderance of the evidence because of a lack of forensic evidence and/or corroborative evidence to support Corkern's testimony. Lastly, Defendant argues that the government has failed to prove the necessary nexus to support the forfeiture. Defendant's theory is in error. The government argues as follows:

**Relevant Background**

On March 18, 2022, the Jury returned its verdict (Doc. 302) finding Defendant guilty of the following counts of the Indictment: Count 1 (conspiracy), Count 21 (wire fraud), Count 27 (wire fraud), Count 31 (wire fraud), Count 35 (wire fraud), Count 125 (aggravated identity theft), and Count 126 (aggravated identity theft). (Docs. 1, 302, and 304). The Indictment (Doc. 1) contained notice of criminal forfeiture allegations relating to the counts upon which the jury determined Defendant guilty.

On April 11, 2022, the parties submitted a Joint Statement of Forfeiture Procedure which outlined the agreement regarding the forfeiture portion of the proceedings. (Doc. 312). The relevant portions of the agreement stipulated that: (1) the United States is entitled to a Forfeiture Money Judgment (nexus); (2) that the Court could reach its determination pursuant to the procedures set forth in Federal Rule of Criminal Procedure 32.2(b)(1)(B) and the record made at trial; (3) the government will file a motion for Forfeiture Money Judgment; (4) any unresolved objections will be determined by the Court at a separate hearing; and, (5) if the parties come to an agreement, they would file the appropriate documentation with the Court.[2] *Id.* On April 13, 2022, the Court ordered the parties to come up with a plan for resolution of forfeiture for all defendants.

---

[2] At the time of the filing, the only contested issue was the amount of the forfeiture money judgment.

(Doc. 318). On April 20, 2022, the parties filed a Joint Proposed Plan for Resolving Restitution, Forfeiture, and Loss Issues.[3]

On April 25, 2022, the Court ordered the government to submit a timeline for the forfeiture process. (Doc 325). On May 9, 2022, the government submitted a Notice of Timeline for Forfeiture Procedure. (Doc. 329). On the same day, the government filed its motion for Forfeiture Money Judgment (Doc. 330) in accordance with its agreements and this Court's orders.[4] On May 12, 2022, the Court issued an order directing Defendant to file a response to the governments motion for Forfeiture Money Judgment. (Doc. 342). The order provided that the government may reply. *Id.*

**Relevant Facts**

Defendant and others were involved in a scheme that included allegations that Athens City Schools Administrators falsely enrolled students into their virtual school to obtain additional funding from the Alabama State Department of Education. The scheme was created and directed by William Holladay. William Holladay recruited Gregory Corkren and Defendant as his partners in the scheme. Defendant worked as an administrator of the continuing scheme.

Corkren created a company, Ed Op, LLC, to funnel the proceeds of the conspiracy from the public-school systems to make monthly payments to the participating private schools and staff, pay for computers and internet services, and pay Holladay, himself, and Defendant cash. As previously stated, the Jury found Defendant guilty of Conspiracy (United States currency

---

[3] Defendant expressly declined to join the filing. (Doc. 322 n.1). Defendant filed an Addendum to the Joint Response (Doc. 322) in which he expressed his reservations about the joint response until he was able to review the presentence report. (Doc. 323).
[4] All the co-defendants consented to the Forfeiture Money Judgments, and motions to that effect were filed on May 9, 2022. (Docs. 331-334). The forfeitures were apportioned in relation to the proceeds that each co-defendant received during the course of the conspiracy. *See, Honeycutt v. United States,* 137 S.Ct. 1626 (2017) (the Supreme Court clarified that the forfeiture provisions in 21 U.S.C. § 853 do not impose joint and several liability on each member of a conspiracy. Rather, the government may seek forfeiture only of 'any property constituting or derived from any proceeds' that the defendant 'obtained, directly or indirectly' from the offense giving rise to the forfeiture."

constituted the proceeds of the wire and mail fraud conspiracy (Doc. 1 at 61.), Wire Fraud, and Aggravated Identity Theft. The Jury found him guilty beyond a reasonable doubt.

At trial, Corkren testified that he created Ed Op, LLC to collect the proceeds and essentially provide an appearance of legitimacy for the conspiracy and to launder the proceeds. Beginning in September of 2016, Corkren paid Defendant $1,000 per month in cash from the Ed Op, LLC proceeds. Corkren admitted that he paid proceeds to Defendant and others in cash because it was harder to trace.[5] Corkren also described his payment to Defendant, at one point, as a gift for his mother. Corkren testified that he continued to pay defendant $1,000 per month for 21 months until the "business (conspiracy) ended". Subsequently, Corkren entered into a plea agreement with the government (Doc. 108) wherein he specified occasions that he provided Defendant with cash proceeds. (Doc. 108, pp. 24-35, ¶¶ ccc., sss., and oooo.) In his plea agreement, Corkren also stipulated that he paid $90,000 to Holladay and $21,000 to Defendant in cash. (Doc 108, p. 36, ¶ uuuu.) All the co-defendants' plea agreements contained stipulated facts that acknowledged the existence of the conspiracy, their participation in it, and an acknowledgment of their receipt of proceeds from it. (Docs. 104, 108, 112, and 189). There was also testimony and evidence presented at trial that showed cash going in and out of Defendant's bank account and out of Ed Op, LLC's account. (Gov. Ex. 1 and 2).

**Applicable Law and Argument**

Criminal forfeiture is mandatory.[6] Criminal forfeiture is in personam.[7] Criminal Forfeiture requires: (1) a conviction on a criminal count for which forfeiture is authorized; and (2) there must

---

[5] At one point, Corkren testified that he paid cash to school administrators because he knew it was illegal to pay them any money.
[6] *See*, *United States v. Newman,* 659 F 3d 1235, 1240 (9th Cir. 2011).
[7] *United States v. Louthian,* 756 F.3d 295, 307 n. 12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" the former is an in personam action that requires a conviction, and the latter is an in rem action against the property itself.); *United States v. Vampire Nation,* 451 F.3d 642,647 (9th Cir. 2007) ( a criminal forfeiture order is a judgment in personam against the defendant; this distinguishes the forfeiture judgment in a criminal case

be a nexus between the property and the offense for which the defendant is convicted. The government must prove the elements/facts of forfeiture under 18 U.S.C. § 982(a) by a preponderance of the evidence. *See, United States v. Elgersma,* 971 F.2d 690 (11th Cir. 1992); *United States v. Dicter,* 198 F.3d 1284, 1289 (Cir. 1999); and *United States v. Hasson,* 333 F.3d. 1264, (11th Cir. 2003).

**Forfeiture is Authorized by Statute**

The United States is entitled to a Forfeiture Money Judgment against Defendant pursuant to 18 U.S.C. § 982(a)(2) and Federal Rule of Criminal Procedure 32.2. 18 U.S.C. § 982(a)(2), in relevant part, states: "[The Court] shall order that the person forfeit to the United States any property consisting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violations."[8] "Criminal forfeiture is authorized in every case where civil forfeiture is authorized. 28 U.S.C. § 2461(c); *United States v. Padron,* 527 F.3d 1156, 1161–62 (11th Cir.2008). Civil forfeiture and criminal forfeiture are authorized for proceeds traceable to general mail fraud and wire fraud. See 18 U.S.C. § 981(a)(1)(c), 1956(c)(7)(A); *Pardon* 527 F.3d at 1161 (internal cite omitted); *United States v. Vernon*, 593 Fed. Appx. 883, 887 (11th Cir. 2014).

Here, Defendant was convicted of Conspiracy (mail and wire fraud), Wire Fraud, and Aggravated Identity Theft. The counts of conviction had corresponding forfeiture allegations. (Doc. 1 at 76-79). These offenses are specifically enumerated in 18 U.S.C. § 982(a)(2). The government has obtained the necessary convictions for criminal forfeiture.

**There must be a nexus between the property and the offense for which Defendant is convicted.**

The general rule is that only property involved in or derived from the specific offenses

---

from the in rem judgment in a civil case); *United States v. Lazarenko*, 476 F3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates in personam against a defendant; it is part of his punishment following conviction.)
[8] 18 U.S.C. 982(a) includes a conviction of conspiracy of several listed crimes, including wire fraud.

alleged in the Indictment may be forfeited. *United States v. Messimo,* 382 F.3d 704, 714 (7th Cir. 2004) (there must be a connection between property subject to forfeiture and the underlying criminal activity "on which the convictions rests."); *United States v. Juluke,* 426 F.3d 323, 328-29 (5th Cir. 2005) (the government must prove that the property subject to forfeiture was the proceeds of the drug activity that formed the basis for the defendant's conviction, not of the defendant's drug trafficking generally).

In criminal forfeiture cases, the government can prove property (cash) is proceeds by direct evidence. However, the government may rely on circumstantial evidence to establish by a preponderance of the evidence that the property constitutes proceeds traceable to the underlying offense.[9] In determining whether the government has met its burden, the Court must look to the totality of the circumstances,[10] including such factors as the timing of the Defendant's acquisition of the property in relation to his commission of the offense, his lack of other legitimate sources of income, and the peculiar ways in which the property may have been titled, packaged, concealed or disbursed. In short, while the burden of proof is on the government in criminal cases, the courts continue to look to the same factors that were used in pre-CAFRA cases to establish the forfeitability of property as "proceeds" through circumstantial evidence.

---

[9] *See, United States v. One Lot of U.S. Currency ($36,634),* 103 F.3d 1048, 1054 (1st Cir. 1997) (Circumstantial evidence that money was involved in drug trafficking sufficient to establish forfeitability); *United States v. Parcels of Land*, 903 F.2d 36, 42 (1st Cir. 1990) (accepting circumstantial evidence and rejecting requirement that the government must link seized properties with particular drug transactions); *United States v. Parcels of Real Property*, 913 F.2d 1, 3 (1st Cir. 1990) (same); *United States v. Daccarett*, 6 F.3d 37, 52 (2d Cir. 1993) (same); *United States v. One Parcel Known as 352 Northup St.*, 40 F. Supp. 2d 74, 82 (D.R.I. 1999) (same); *United States v. All Funds on Deposit in Any Accounts*, 801 F. Supp. 984, 990 (E.D.N.Y. 1992) (same); *United States v. $433,980 in U.S. Currency*, 473 F. Supp. 2d. 685, 690 (E.D.N.C. 2007) (Court must consider the totality of the circumstances to determine if the government has established forfeitability); *United States v. $147,900 in U.S. Currency,* 2009 WL 903356, *8 (M.D.N.C. Mar. 31, 2009) (Court grants summary judgment based on circumstantial evidence that money is drug proceeds; it is not necessary to link the money to a particular drug transaction).

[10] *See United States v. $30,670 in U.S. Funds*, 403 F.3d 448, 467 (7th Cir. 2005) (Court must look to the totality of the circumstances).

In the case at bar, the government has both direct and circumstantial evidence that the $21,000 paid to Defendant by Corkren is proceeds related to the criminal conspiracy. Corkren testified that the proceeds from the conspiracy were deposited in his Ed Op, LLC bank account. He paid the co-defendants by withdrawing money out of his Ed Op and personal accounts via ATM due to the various withdrawal limits. This fact was corroborated by his account records presented at trial. Corkren also testified he paid cash to hide the illegal nature of the money. Additionally, there was evidence suggesting that Defendant was depositing the proceeds in his own account. Corkren testified that he paid defendant $1,000 a month for 21 months until the "business ended." The fact that Corkren stopped paying Defendant when the conspiracy ended further corroborates that the cash paid to defendant was proceeds.

Defendant argues that the government cannot prove that the money was not in fact a gift for Defendant's mother. The fact is that it does not matter. Clearly, the proceeds of the conspiracy that Defendant willingly participated in and benefited from went to Corkren and were deposited in the Ed Op, LLC account. Corkren then paid Defendant $21,000 in cash over the course of the conspiracy with the tainted money from the Ed Op account. If the Court believes the testimony of Corkren, then the cash proceeds are directly traceable back to the conspiracy. It matters little what the proceeds were for, only that they were paid to Defendant and in his possession. Therefore, the forfeiture of the $21,000 is mandatory, and is not excused by the fact that Defendant dissipated the actual money derived from the offense, whether he deposited it, spent it on whatever, or gave some of it to his mother.[11]

---

[11] See, *United States v. Newman,* 659 F 3d 1235, 1240 (9th Cir. 2011) (holding that the district court must enter a money judgment if the government has met the requirements). See, *United States v. Hall,* 434 F.3d 42, 59 (1st Cir. 2006) (the district court may order the defendant to forfeit a sum of money equal to the drug proceeds that he earned but did not retain; this reflects the nature of a criminal forfeiture as a sanction against the individual defendant rather than a judgment against the property itself," and is the only way to truly separate the wrongdoer from the fruits of his crime once he has spent them on "wine, women and song"); *United States v. Grose,* 461 Fed Appx. 786, 807, 2012 WL 581218, *18 (10th Cir., Feb, 23 2012) (that defendant lost the proceeds of his wire fraud offense in a

**The Amount of the Forfeiture Money Judgment Should be $21,000**

In cases clearly involving continuing schemes and conspiracies, the amount involved in the entire scheme is forfeitable. *See, United States v. Hasson,* 33 F.3d 1264, 1279 n. 19 (11th Cir. 2003) (the Court in a money laundering case may not impose a forfeiture order based on a money laundering offense with which Defendant was not charged or for which he was acquitted, but if he is convicted of conspiracy, the forfeiture may be based on amounts derived from uncharged substantive conduct, or substantive counts for which he has been acquitted). *See also, United States v. Capoccia,* 402 Fed. Appx. 639, 640 (2d Cir. 2010) (it is not necessary for the government to allege every aspect of a conspiracy as a substantive offense to be able to forfeit the proceeds of the entire conspiracy). If a fraud case is alleged as a continuing scheme, the defendant is liable for the full amount derived from the scheme even if the defendant is convicted of only a few substantive counts. *United States v. Capoccia,* 503 F.3d 103, 117 (2d Cir. 2007) (holding that because Defendant was convicted of an ITSP offense—an offense that only involves discrete acts—the forfeiture had to be limited to the proceeds of the acts in the Indictment, but stating in dicta that if a defendant were convicted of mail or wire fraud, or any other offense of which a scheme is an element, he would be liable for the entire scheme, *Citing United States v. Boessen,* 473 F. Supp. 2d 932, 952 (S.D. Iowa 2007)).

However, in *Honeycutt v. United States,* 137 S. Ct. 1626 (2017), the Court considered the extent and apportionment of forfeitures that should be ordered when there are several defendants who split the proceeds of their criminal offense. Federal Law states that a defendant is required to forfeit "any property constituting, or derived from any proceeds that person obtained, directly or indirectly, as the result of certain drug offenses." 21 U.S.C. § 853(a)(1). This language mirrors that

---

subsequent bad investment does not excuse him from liability for a money judgment any more than if he'd spent the money on wine, women, and song.)

of 18 U.S.C. § 982(a)(2)(B). The Court held that this limits the exposure of individual defendants to the amount of money he received and not the total amount of proceeds of the other co-conspirators. The Court determined that there was no joint and severable liability under the provision. *See also United States, v. Elbeblaw,* 899 F.3d 925, 940-41 (11th Cir. 2018) (applying *Honeycutt* to forfeiture under the health care fraud forfeiture provision, 18 U.S.C. § 982(a)(7)). In *United States v. Carlyle*, 775 Fed Appx. 565, 570-72, (11th Cir. 2019), the defendant's forfeiture amount in a wire fraud case was apportioned to the proceeds the defendant received in light of *Honeycutt.*

The government is seeking $21,000 which is the portion of proceeds Defendant received from Corkren. In this case, each of the co-conspirators was apportioned a Forfeiture Money Judgment in the amount that the co-conspirator received for the criminal conspiracy respectively: Sisk $13,000, Tutt $186,154, Holladay $185,770, and Corkren $679,595. (See, Docs. 331-334). Likewise, Defendant received $21,000, and a Forfeiture Money Judgment should be entered for $21,000.

**The United States is Entitled to a Money Judgment**

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that, where the government seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay. The court in calculating a forfeiture money judgment is free to consider all relevant conduct involving the same fraud scheme. See *United States v. Holland*, 722 F. App'x 919 (11th Cir. 2018).

Because the United States could not locate specific property constituting or derived from the proceeds Defendant received from the offenses in violation of 18 U.S.C. §§ 371, 1343, and 1028A(a)(1), it seeks a Forfeiture Money Judgment in the amount of $21,000.00 against him pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), representing the total of all proceeds he obtained from the Conspiracy, Wire Fraud, and Aggravated Identity Theft.  If the Court finds that Defendant obtained $21,000.00 as a result of the Conspiracy, Wire Fraud, and Aggravated Identity Theft for which he was found guilty, then it is appropriate for the Court to enter a Forfeiture Money Judgment against him in that amount pursuant to Rule 32.2(b)(2).

## **CONCLUSION**

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court enter a Forfeiture Money Judgment against Defendant in the amount of $21,000.

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the Forfeiture Money Judgment.

Respectfully submitted this 6th day of June, 2022.

        ALICE S. LACOUR
        ATTORNEY FOR THE UNITED STATES
        ACTING UNDER 28 U.S.C. § 515

        **/s/Eric M. Counts**
        ERIC M. COUNTS
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        Telephone: (334) 223-7280
        Facsimile: (334) 223-7106
        E-mail: Eric.Counts@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cr-00049-MHT |
| | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

**/s/Eric M. Counts**
ERIC M. COUNTS
Assistant United States Attorney