IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
        v.                  )        2:21cr49-MHT
                            )           (WO)
WILLIAM  RICHARD  CARTER,   )
JR.                         )
```

OPINION AND ORDER

This case centers on a conspiracy to commit fraud within Alabama's system of funding for public education, through the enrollment of private school students as full-time public school virtual students.  A jury found defendant William Richard Carter, Jr., guilty of seven counts: one count of conspiracy to commit wire fraud against the United States, in violation of 18 U.S.C. § 371; four counts of wire fraud, in violation of 18 U.S.C. § 1343; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  This cause is now before the court on Carter's motion for release pending appeal.  The court held a hearing on the motion on September 14, 2022.  The motion will be denied.

## I. BACKGROUND

The background relevant to the pending motion is as follows.

Prior to the submission of the case to the jury, Carter made oral motions for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, one at the close of the government's case and another at the close of Carter's case.  The court orally denied both motions.

After the jury verdict, Carter filed a written motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  The court issued a brief order denying the motion, and later entered an opinion explaining in detail the bases for the denial.  *See United States v. Carter*, 2022 WL 2753161 (M.D. Ala. July 14, 2022) (Thompson, J.).

At the sentencing hearing, the court found that Carter's Sentencing Guideline range was 135 to 168 months on the five conspiracy and wire-fraud counts.  The court, however, granted Carter a substantial variance, and

2

sentenced him to only 42 months on those counts. The court was also compelled to impose a consecutive mandatory minimum sentence of 24 months on the two aggravated-identity-theft counts.   Thus the total sentence was 66 months.  The court, at Carter's request, delayed his self-surrender to the designated federal prison until October 5, 2022.

After filing a notice of appeal, Carter filed the instant motion for release pending appeal.  Pursuant to a court order, the government filed a reply to the motion. Although Carter was given the opportunity to respond to the government's reply, he did not do so. A hearing was held on the motion.


## II.  DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. § 3143, provides that the district court shall order detention of a person who has been convicted and sentenced to a term of imprisonment.  Under § 3143, the court presumes that detention is valid despite a pending appeal, and the

3

defendant bears the burden of overcoming that presumption and proving that release is appropriate. *Morison v. United States*, 486 U.S. 1306 (Rehnquist, Circuit Justice 1988); *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), *cert. denied*, 479 U.S. 1018 (1986). In order to grant a defendant's motion for release pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—-
>
>> (i) reversal,
>>
>> (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

4

18 U.S.C. § 3143(b)(1). The burden of proving these findings lies with the defendant. See *Giancola*, 754 F.2d. at 901.

In order to be released pending his appeal, then, Carter would have to show by clear and convincing evidence that he is not a flight risk or a danger to the community, that he is not appealing for the sake of delay, and that he is raising a substantial question of law on appeal that is likely to result, for example, in reversal or a new trial. Because the government does not contend that Carter is a flight risk or appealing for the sake of delay, the court need only address the second part of the test.

The Eleventh Circuit Court of Appeals has observed that the phrase "substantial question of law" for purposes of § 3143 does not require the district court to "find[] that its own rulings are likely to be reversed on appeal," *Giancola*, 754 F.2d. at 900; nor is it appropriate "to deny bail pending appeal unless a district court judge found that he or she had committed

5

error," *id.*   Instead, the appellate court defined the

phrase as follows:

> "[A] 'substantial question' is one of more
> substance than would be necessary to a finding
> that it was not frivolous.   It is a 'close'
> question or one that very well could be decided
> the other way.   Further, there are no blanket
> categories for what questions do or do not
> constitute 'substantial' ones.   Whether a
> question is 'substantial' must be determined on
> a case-by-case basis."

*Id* at 901.

Carter says that, in his appeal, he is relying

primarily upon an argument of insufficient evidence as

the "substantial question of law and fact" likely to

result in reversal or a new trial.   In particular, he

argues that there is a "significant question of specific

intent."   Defendant's motion for release pending appeal

(Doc. 485) at 4.   However, he limits this argument to

only these conclusory five words.   He does not elaborate

further.   He offers nothing in his motion as to how,

though the court ruled against him previously, there is

still a question as to whether the evidence falls short.

He offers nothing as why the issue is still a "substantial

question of law or fact," 18 U.S.C. § 3143(b)(1), or a "'close' question or one that very well could be decided the other way," *Giancola*, 754 F.2d at 901.

As stated above, a defendant need not convince the court that it "committed error." *Id*. at 900. A court can reject a defendant's legal or factual argument but still recognize that the argument presents a substantial question. *See, e.g., United States v. Goff*, 2009 WL 1580894, at *1 (M.D. Ala. June 3, 2009) (Thompson, J.) (In releasing defendant pending appeal, the court wrote: "The court noted some of these issues on the record in open court subsequent to Goff's sentencing on June 2, 2009, including the newness of the legal question concerning the interpretation of [18 U.S.C.] § 1033(a), the substantial legal questions surrounding mail fraud when those induced to act were bound by contract to act as they did and perhaps suffered no monetary loss, and the interesting line between civil and criminal conduct in an embezzlement prosecution potentially involving contract disputes and competing interpretations.   The

court would be disingenuous not to admit that some of these questions were 'substantial.'").

Moreover, in its reply to Carter's motion for release, the government responds at length as to the absence of any remaining substantial question of law or fact, relying extensively on, and even quoting from, the court's opinion denying Carter's motion for new trial. *See United States v. Carter,* 2022 WL 2753161, at *19 (M.D. Ala. July 14, 2022) (Thompson, J.).   There, the court specifically addressed the issue of the adequacy of the evidence relating to Carter's specific intent. In particular, the court explained why the jury could reasonably rely on the testimony of two of Carter's co-defendants about what they observed and knew to be Carter's knowing, willful, and extensive participation in the crimes for which Carter was found guilty.   The court will assume that the reader is familiar with this opinion, and will quote from it to only this extent:

> [T]he evidence that Carter knew that the Athens City School District's enrollment of private school students was fraudulent is too great.  The

extensive steps that Carter took to conceal the
fact that the Ed-Op students were private school
students is strong evidence of his fraudulent
intent. ... Within the Athens district, Carter
instructed officials to refer to the private
school students by numbered "EO" codes.   In
communications with [co-defendant] Corkren,
Carter routinely swapped between his private
email address, when referring to private school
information, and his school email address, after
such information had been scrubbed.   Corkren's
testimony establishes in no uncertain terms that
Carter knew that the information that he was
sharing with Athens district officials and
presenting to the State Department of Education
had been fabricated.   Among the conversations to
which Corkren testified, he informed Carter that
he had created fake in-state addresses for
out-of-state students and later that he needed
to fabricate completed   Odysseyware records.
Following each of these conversations, Carter
sent the fake addresses to Athens district
officials for use in enrollment and sent a subset
of the fabricated Odysseyware records to [co-
defendant] Holladay and the State Department of
Education. All the while, he received cash
payments from Corkren and advanced his career
within the Athens district on the
recommendations of Holladay.

*Carter*, 2022 WL 2753161, at *19 (citation omitted).

In the face of the government's reference to that

opinion, including the court's detailed discussion of the

issue of specific intent, Carter declined to respond; he

failed to give an explanation of why, despite this

lengthy lay out of the evidence of specific intent, there was still a "substantial question of law" on the issue of specific intent.  He did not, in his motion, explain how in his view, though the court ruled against him, the issue of intent still presented a "substantial question of law or fact," 18 U.S.C. § 3143(b)(1), or a "'close' question or one that very well could be decided the other way," *Giancola*, 754 F.2d at 901.

To be sure, in his motion for new trial, Carter challenged the reliability of the evidence.  However, it would have been another thing for him to point out, to explain, how, though the court had rejected that challenge, there was still a substantial question of law, worthy of appellate review, presented in the challenge. Instead, Carter remained silent.  The court cannot count the number of times it has, in ruling against a party on an issue, still acknowledged the issue was close or not that open and shut.  *See, e.g., Goff*, 2009 WL 1580894, at *1.

Carter's conclusory five-word assertion in his motion was not enough. See, e.g., *United States v. Forehand*, 2013 WL 5289243, at *2 (M.D. Ala. Sept. 18, 2013) (Thompson, J.) (In denying a defendant's motion for release pending appeal, the court wrote: "In his appeal, Forehand relies primarily upon a claim of insufficient evidence as the 'substantial question of law and fact' likely to result in reversal or a new trial.   In particular, he claims that there is insufficient evidence to show that he had the necessary knowledge and intent to be convicted of the fraudulent scheme involved in his convictions."); *United States v. Jordan*, 2009 WL 2880459, at *1 (M.D. Ala. Sept. 1, 2009) (Thompson, J.) ("In support of his motion, Jordan states only that he 'was convicted by the jury on several charges on which there was insufficient evidence to sustain conviction.' ... He provides no reason for the court to conclude that this issue is a 'close question' or otherwise substantial.") (citation omitted).

11

Carter further argues that, even if he is not entitled to release pending appeal under § 3143, he is still entitled to release under the "exceptional circumstances" provision of 18 U.S.C. § 3145(c). The government contends that § 3145(c) does not apply to the circumstances in this case. And at the September 14 hearing, Carter seemed to agree. Nevertheless, the court need not resolve this issue, for the court finds, based on the evidence that was presented at the September 14 hearing, that there are no exceptional circumstances here.

Carter maintains that he may now suffer from "long COVID," after having had COVID-19 three times. Long COVID is a term used to describe the wide range of health problems developed by some individuals after an initial COVID-19 diagnosis, which vary in severity and duration. *See Long COVID or Post-COVID Conditions*, Centers for Disease Control and Prevention (September 1, 2022), https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects/index.html. Long COVID is also known as long-haul

12

COVID, post-acute covid-19, and chronic covid, among other terms. *Id*. Even though Carter is diabetic and overweight, he has declined to be vaccinated. (Of course, he has a right to elect not to be vaccinated.)

Carter argues that his medical condition requires that the service of his sentence be delayed for the entire length of his appeal. While the medical evidence he has submitted does suggest that he might have some symptoms consistent with long COVID, Carter works 40 (and sometimes 50) hours a week at an Amazon plant, drives to and from work, drives one of his children to and from school, and goes to his children's weekend activities and sports games. He wears a mask only sometimes at work, and even then, he does not wear the more protective NK95 mask at all. (At one point during the hearing, Carter stated that it is unclear whether his medical condition might be due to MS--that is, multiple sclerosis--a disease of the central nervous system, rather than long COVID.) The court finds no basis to doubt that, whatever health limitations Carter maintains he suffers and

whatever treatments he may be told he needs, they can be adequately accommodated and addressed in prison.    His limitations and needs do not rise to the level of being "exceptional circumstances."  *See, e.g., United States v. Smith*, 2013 WL 3325776, at *2 (M.D. Ala. July 1, 2013) (Thompson, J.) ("Smith further argues that his 'detention will interfere with his ongoing mental health treatment.' The court does not see this need as an obstacle to confinement.") (citation omitted).

**\*\*\***

Accordingly, it is ORDERED that defendant William Richard Carter, Jr.'s motion for bond pending appeal (Doc. 485) is denied.  The court adds that, in a companion order entered today, it extends defendant Carter's prison-surrender date to December 9, 2022, so that he may keep the current doctor's appointments he has regarding whether he has long COVID or MS.   The test and recommended-treatment results of those appointments may

**14**

be important for whatever treatment he may need in prison.

DONE, this the 22nd day of September, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE