IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr49-MHT** |
| | ) | **(WO)** |
| **WILLIAM RICHARD CARTER, JR.** | ) | |
| | ) | |

**OPINION**

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal-history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the office of the United States Attorney, the United States Probation Office, the Federal Defender's office, and

the Clerk of Court's office, to determine whether a defendant might be eligible for a reduction of sentence.

Defendant William Richard Carter, Jr. filed a motion for a sentence reduction (Doc. 567) based on Amendment 821's changes to the Sentencing Guidelines. The court referred the motion to the Panel.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered April 8, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant William Richard Carter, Jr. is not eligible to receive a reduction in sentence pursuant to Amendment 821 because his original sentence of 66 months' imprisonment is lower than the amended guideline range after application of Amendment 821, and he did not receive a downward departure for substantial assistance at sentencing.  *See* U.S. Sentencing Guidelines §1B1.10(b)(2)(A) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range

2

(Policy Statement)") (2023 ed.) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range..."); *see also* §1B1.10(b)(2)(B) (allowing a sentence reduction below the amended sentencing range only when the defendant's original sentence was reduced for substantial assistance).

An appropriate order will be entered.

DONE, this the 8th day of April, 2024.

                                  /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**